IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREANNA L. SACKETT, | : | |
| | : | No. 4:CV-07-1848 |
| Plaintiff, | : | |
| | : | (McClure, J.) |
| v. | : | |
| | : | (Blewitt, M.J.) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social | : | |
| Security, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

September 30, 2008

**BACKGROUND:**

On October 11, 2007, plaintiff Andreanna L. Sackett, commenced this civil action under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's denial of her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), under Titles II and XVI of the Social Security Act.  42 U.S.C. §§ 401-33, 1381-1383f.

The matter was initially referred to United States Magistrate Judge United States Magistrate Judge Thomas M. Blewitt.

On August 26, 2008, Magistrate Judge Blewitt issued a thirteen-page report and recommendation (Rec. Doc. No. 13), which recommended that plaintiff's

appeal be denied.  On September 15, 2008, plaintiff filed objections (Rec. Doc. No.

14) to the report and recommendation.  Defendant filed a response to plaintiff's

objections on September 30, 2008.  However, defendant's response to plaintiff's

objections were filed after the ten-day (10) period permitted for replies to

objections under L.R. 72.2 and 72.3.  Therefore, defendant's response is not

considered herein.  Now, for the follow reasons, we will  approve and adopt the

magistrate judge's report and recommendation in full and deny Sackett's appeal.


**<u>DISCUSSION:</u>**

### I.  Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g).  Our

role is to determine whether there is substantial evidence in the administrative

record to support the Commissioner's decision and findings of fact.  42 U.S.C. §

405(g); <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999).  If supported by

substantial evidence, the Commissioner's factual findings must be accepted as

conclusive. <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995); <u>Wallace v. Sec. of

Health & Human Servs.</u>, 722 F.2d 1150, 1152 (3d Cir. 1983).   "Substantial

evidence means 'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" <u>Jones v. Barnhart</u>, 364 F.3d 501, 503 (3d Cir.

2004) (quoting <u>Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.</u>, 48

F.3d 114, 117 (3d Cir. 1995) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401

(1971)).  "It is less than a preponderance of the evidence but more than a mere

scintilla."  <u>Id.</u>  The substantial evidence standard is a deferential standard of

review.  <u>Id.</u>

A district court reviews <u>de novo</u> those portions of a magistrate judge's report

and recommendation to which a party objects.  L.R. 72.3.  The court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  <u>Id.</u>

## II. Analysis

There is a five-step evaluation process to determine whether an individual is

disabled for purposes of Supplemental Security Income disability benefits.  20

C.F.R. § 416.920.  The Commissioner must sequentially determine: (1) whether the

applicant is engaged in substantial gainful activity; (2) whether the applicant has a

severe impairment; (3) whether the applicant's impairment meets or equals a listed

impairment; (4) whether the applicant's impairment prevents the applicant from

performing past relevant work; and (5) whether the applicant's impairment

prevents the applicant from doing any other work, taking into consideration the

applicant's residual functional capacity, age, education and work experience.

The instant action was ultimately decided at the fourth step of the evaluation process. The ALJ concluded that plaintiff retained the residual functional capacity to perform her past sedentary work as a secretary. (Tr. Rec. Doc. No. 16). Therefore, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act. (Id.). Plaintiff argued that the Commissioner committed two errors, namely that the ALJ erred in failing to give special consideration to the treating physician's opinion, and that the ALJ erred in concluding that plaintiff's subjective complaints of pain were not entirely credible. Magistrate Judge Blewitt determined that the ALJ's findings are supported by substantial evidence of record.

Plaintiff has now objected to the magistrate judge's report and recommendation. Plaintiff argues that the magistrate judge erred by: (1) upholding the ALJ's finding that the treating physician's assessment of the plaintiff's condition should not be accorded significant weight; and, (2) upholding the ALJ's determination that plaintiff's complaints of pain were not entirely credible.

As for the first objection, we disagree with plaintiff that the ALJ improperly rejected the opinion of Dr. Tahirul Hoda, the treating general practitioner physician. Generally, the determinations made by treating physicians are given

controlling weight, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), especially "when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." <u>Plummer</u>, 186 F.3d at 429. However, where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, "'the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" <u>Id.</u> (quoting <u>Mason v. Shalala</u>, 944 F.2d 1058, 1066 (3d Cir. 1993)).  If the ALJ chooses to reject a treating physician's opinion, it may do so "only on the basis of contradictory medical evidence."  The ALJ may not make his or her own speculative inferences from medical reports.  <u>Id.</u> (citing <u>Newhouse v. Heckler</u>, 753 F.2d 283, 286 (3d Cir. 1985)).

Plaintiff argues that the ALJ failed to provide specific evidence contrary to Dr. Hoda's findings that the plaintiff was totally disabled and unable to work. (Rec. Doc. No. 14, at 13-14).  While we note that this is not required, "the ALJ must consider all evidence before him . . . [and a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reasons for discounting such evidence." <u>Burnett v. Comissioner of Social Sec. Admin.</u>, 220 F.3d 112, 121 (3d Cir. 2000).

Relying upon Dr. Hoda's opinion in part, the ALJ found that Sackett suffers

from a severe back impairment, but not so severe that it prevents her from

performing sedentary work that includes occasionally lifting or carrying ten

pounds and standing and walking for ten or fifteen minutes at a time, for two or

three hours out of an eight-hour day.  (Tr. Rec. Doc. No. 14-16, 353-54).  In

reaching this finding the ALJ provides a thorough explanation, holding that

> The evidence in this case clearly establishes that the
> claimant has a severe vertebrogenic impairment, but the
> claimant acknowledged that she is able to shop for
> groceries and that she did make an attempt to return to
> college.  After considering the evidence of the record, the
> [ALJ] finds that the claimant's medically determinable
> impairments could reasonably be expected to produce the
> alleged symptoms, but that the claimant's statements
> concerning the intensity, persistence and limiting effects
> of these symptoms are not entirely credible.

(Tr. Rec. Doc. 354).  Placing credence in a specialist's opinion, as is customary

under the law, see 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5), the ALJ

 summarized the opinion of Dr. David Storrs, a neurosurgeon, who noted that

"claimant was capable of engaging in light or sedentary work that would not

involve a lot of standing and/or walking, lifting, bending crawling, stooping or

carrying and which would not require lifting in excess of fifteen pounds."

(Tr. Rec. Doc. No. 354, 16).  Through the use of this contrary medical evidence,

the ALJ adequately explained his position, described the weight given to the

evidence and demonstrated that substantial evidence exists to support his decision, thereby satisfying the requirements enunciated in <u>Burnett</u> and <u>Plummer</u>.[1]

Plaintiff's second objection is that the magistrate judge erred by upholding the ALJ's determination that plaintiff's complaints of pain were not entirely credible.  Specifically, the ALJ does not question the symptoms plaintiff claims to suffer, but the intensity, persistence of limited effects of these symptoms.  (Tr. Rec. Doc. No. 354).  It is well settled that "subjective complaints of pain must be seriously considered, even where not fully confirmed by objective medical evidence."  <u>Green v. Schweiker</u>, 749 F.2d 1066, 1068 (3d Cir. 1984) (citations omitted).  Where the plaintiff's testimony regarding pain "is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary

---

[1]Although our decision is based on the information specifically discussed by the ALJ, we may look beyond these considerations to any evidence in the record to determine whether the decision is supported by substantial evidence.  <u>Schwartz v. Halter</u>, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001); <u>see</u> <u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000) ("Despite the deference due to administrative decisions in disability benefit cases, 'appellate courts retain a responsibility to scrutinize the entire record . . . .'") (quoting <u>Smith v. Califano</u>, 637 F.2d 968, 970 (3d Cir. 1981)); <u>Adoro v. Shalala</u>, 40 F.2d 43, 46 (3d Cir. 1994) (citation omitted); <u>Walker v. Sec. of Health & Human Servs.</u>, 884 F.2d 241, 245 (6th Cir. 1989); <u>Hook v. Bowen</u>, 677 F. Supp. 205, 206 (M.D. Pa. 1988); <u>Esposito v. Apfel</u>, 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000);  <u>but</u> <u>see</u> <u>Cefalu v. Barnhart</u>, 387 F. Supp. 2d 486, 491 (W.D. Pa. 2005) (citing <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 44 n.7 (3d Cir. 2001)).  As a result, we find it necessary to note that we agree that the litany of medical evidence relied upon by the magistrate judge indicates that substantial evidence exists to support the ALJ's decision.  (<u>See</u> Rec. Doc. No. 13, at 5-12).

medical evidence."  Id. (citing Smith, 637 F.2d at 972).

Here, plaintiff testified that she suffers from disabling pain, (Tr. Rec. Doc. No. 335-38, 344-46), an assertion supported by Dr. Hoda's evaluation of her condition.  (Tr. Rec. Doc. No. 288A).  However, it is the ALJ's responsibility "to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it."  Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1983).  If the ALJ's findings are supported by substantial evidence, those findings will not be disturbed on appeal.  See Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983).

The ALJ contends that the intensity of the pain is questionable considering that the claimant acknowledged that she was able to shop for groceries and attend college at a time she was supposed to be completely disabled.  (Tr. Rec. Doc. No. 354).  As discussed above, the ALJ also noted that plaintiff's claims of disabling pain were inconsistent with the opinion of Dr. David Storrs.  (Tr. Rec. Doc. No. 354, 16).  Consequently, the ALJ's determination that plaintiff's complaints regarding the intensity of her pain were not entirely credible is supported by substantial evidence.[2]

---

[2]Again, we note that we agree that the litany of medical evidence relied upon by the magistrate judge indicates that substantial evidence exists to support the ALJ's decision.  (See Rec. Doc. No. 13, at 5-12).

**CONCLUSION:**

For the foregoing reasons, we will approve and adopt the magistrate judge's report and recommendation, and plaintiff's appeal from the decision of the Commissioner of Social Security will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      The report and recommendation of the magistrate judge, filed August 26, 2008 (Rec. Doc. No. 13) is approved and adopted in full.

2.      Plaintiff's appeal from the decision of the Commissioner of Social Security is denied.

3.      The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge